UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ASSOCIATED TERMINALS OF ST. BERNARD, LLC | * * * | CIVIL ACTION NO. 17-5109 |
|---|---|---|
| | * | SECTION: "I"(1) |
| VERSUS | * * | JUDGE LANCE M. AFRICK |
| POTENTIAL SHIPPING HK CO., ET AL. | * * * | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion for Leave to File Cross-Claim filed by intervenor Oakley Barge Line, Inc. ("Oakley"). (Rec. Doc. 61). Oral argument was held on December 13, 2017. For the following reasons, the Motion is DENIED.

Background

This lawsuit arises out of a May 19, 2017, incident when the M/V UNISON POWER was being offloaded at the Chalmette Midstream Buoys. Associated Terminals of St. Bernard, LLC ("Associated Terminals") was acting as stevedore and its operator was operating the fixed crane aboard the M/V UNISON POWER to unload cargo from the vessel to Oakley's Barge ESV-101B. Without warning, the main hoist cable of the crane failed, causing the cargo of steel wire coils as well as block and tackle to fall onto the barge. Associated Terminals alleges it sustained damage to its spreader bar, Oakley alleges its barge was damaged, and intervenor Jamaal Ford alleges personal injuries (it appears that three other individuals were injured during the incident, but they have not joined this lawsuit). Intervenor American Longshore Mutual Association ("ALMA")

1

provided insurance to the employers of the injured individuals and has joined this action to recover the amounts it has paid in indemnity and medical benefits.

Associated Terminals filed this action against the M/V UNISON POWER, *in rem*, and the vessel's owner Potential Shipping HK Co., Ltd. ("Potential") on May 22, 2017 (Potential and M/V UNISON POWER are hereinafter referred to as "Defendants"). Associated Terminals argues that the poor condition of the vessel's crane wires are to blame for the incident. Oakley, ALMA, and Mr. Ford intervened promptly thereafter, asserting claims only against Defendants. Defendants answered on July 12, 2017, and counterclaimed against Associated Terminals arguing that Associated Terminals is responsible because the negligence, fault, or inattention to duty of Associated Terminals and its stevedores caused the incident. Oakley, ALMA, and Mr. Ford never asserted any claims against Associated Terminals. The deadline to amend pleadings passed on September 7, 2017, and the trial is set to begin on February 20, 2018.

Oakley now seeks to amend its pleadings to file a cross-claim against Associated Terminals. Oakley admits that "there has been insufficient discovery to determine whether Associated Terminals has any liability for this incident." Although the discovery deadline is December 15, 2017, Oakley insists that no additional discovery and no trial continuance will be required if its cross-claim is permitted. It explains that it delayed in filing this cross-claim because it was attempting the resolve the matter directly with the Defendants.

Associated Terminals opposes the motion. It insists that Oakley's explanation for its failure to previously allege a cross-claim is not an explanation at all because it does not show any diligence on Oakley's part. It points out that there is no evidence of any liability of Associated Terminals. And it also points out that Oakley has received security for its claim from the Defendants' Protection and Indemnity Insurance Club (in the amount of up to $250,000). It argues that because

the parties responsible for the incident will be liable jointly and severally under maritime law, even if Associated Terminals were jointly liable, Oakley would be able to recover fully from the Defendants as long as some fault is attributable to them. Associated Terminals insists it would be prejudiced if the amendment is allowed because the deadline to complete discovery has almost passed and it would not have time to discover Oakley's theory of liability against Associated Terminals, nor to defend against Oakley's claimed damages (of approximately $51,000).

Law and Analysis

1. *Standard for Amending Pleadings*

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(2); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

2. *Oakley's Proposed Cross Claim*

Considering the four factors, the Court finds that Oakley has failed to establish good cause to permit the filing of a cross claim against Associated Terminals. First, Oakley's delay is not justifiable under the circumstances. Oakley says that it was engaged in settlement discussions with

3

the Defendants and did not wish to incur the expense of filing a claim against Associated Terminals. But this explanation seems half-hearted since the settlement discussions did not prevent it from intervening to assert a claim against the Defendants.

Second, the Court finds that the proposed amendment is of little importance since Oakley itself admits it has no evidence to support a claim against Associated Terminals. Moreover, there is no dispute that to the extent there is fault attributable to both the Defendants and Associated Terminals, they will be jointly and severally liable and Oakley will be able to recover its entire judgment against the Defendants. And as to that potential recovery, Oakley has received security from Defendants' P&I Club.

Finally, the Court finds that Associated Terminals would suffer prejudice by the allowance of this amendment because at the least, Associated Terminals would need to conduct discovery into the quantum of damages claimed by Oakley. Counsel for Oakley stated that no additional discovery would be required regarding Associated Terminal's potential liability or Oakley's theories as to such liability because it did not intend to present any evidence against Associated Terminals and would simply rely on the Defendants to do so. But this does not mean that Associated Terminals will not want to conduct further discovery into defenses it might be able to assert against Oakley's claim. The discovery deadline will pass in one day, and trial is set to begin in about two months. Allowing the amendment now would prejudice Associated Terminals[1] and, in light of the minimal importance of the amendment and the lack of a justifiable explanation for the delay, the Court finds that Oakley has failed to establish good cause for the filing of its cross claim at this time.

---

[1] While a continuance would cure this prejudice, the Court finds that a continuance is not called for in this case.

## Conclusion

For the foregoing reasons, the Motion for Leave to File Cross Claim (Rec. Doc. 61) is DENIED.

New Orleans, Louisiana, this 14th day of December, 2017.

Janis van Meerveld
United States Magistrate Judge