## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ASSOCIATED TERMINALS OF ST. BERNARD, LLC                    CIVIL ACTION

VERSUS                    No. 17-5109

POTENTIAL SHIPPING HK CO., LTD., ET AL.                    SECTION I

## ORDER AND REASONS

Jamaal Ford ("Ford") objects[1] to six[2] portions of Dr. Henry Eiserloh's deposition testimony that Potential Shipping HK Co., Ltd., *in personam* and as owner of the M/V UNISON POWER, *in rem* ("Potential Shipping"), has designated for use at trial. Potential Shipping responded[3] to the objections.

## I.

Ford objects to six portions of Dr. Eiserloh's deposition testimony on the ground that these portions feature leading questions.[4] Potential Shipping counters that "[t]here is no rule against asking leading questions of a party's own expert."[5] Potential Shipping also insists that "limited leading questions are routinely allowed with medical and other experts to elicit and develop necessary medical or expert testimony."[6]

---

[1] R. Doc. No. 94.
[2] The parties have resolved Ford's seventh objection. *See* R. Doc. No. 107.
[3] R. Doc. No. 102.
[4] *See* R. Doc. No. 94, at 4.
[5] R. Doc. No. 102, at 8.
[6] *Id.*

"The Court has discretion in deciding the manner in which the examination of witness is conducted." *Howard v. Offshore Liftboats, LLC*, No. 13-4811, 2016 WL 3536799, at *11 (E.D. La. June 28, 2016) (Morgan, J.); *see* Fed. R. Evid. 611. However, "[l]eading questions should not be used on direct examination except as necessary to develop the witness's testimony," such as "when a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." Fed. R. Evid. 611(c)(2).

Having considered the objected-to portions of Dr. Henry Eiserloh's deposition testimony, the Court sustains Ford's leading-question objections to the following portions: page 26, lines 10-19; page 27, lines 10-21; page 85, line 8, to page 86, line 1; and page 86, lines 18-19.[7] With respect to all other portions of Dr. Eiserloh's deposition testimony to which Ford objects on leading-question grounds—and only on leading-question grounds—Ford's objections are overruled.

## II.

With respect to one portion of Dr. Eiserloh's deposition testimony, Ford also objects on the ground that the portion includes a compound question and testimony by counsel.[8] Potential Shipping did not responded to these two objections. As the Court explained to the parties, "[a]ny party that does not respond to an objection or motion will be deemed to have waived the ability to contest that objection."[9]

---

[7] *See* R. Doc. No. 91-1 (Dr. Eiserloh's deposition transcript). At the time of the deposition, the parties stipulated "[t]hat all objections, save those as to the form of the question and responsiveness of the answer, are hereby reserved until such time as the deposition or any part thereof is used or sought to be used in evidence." *Id.* at 4. Potential Shipping did not raise the issue of whether Ford timely objected to all of the portions of Dr. Eiserloh's deposition testimony that he now challenges and thus the Court does not consider the issue.

[8] *See* R. Doc. No. 94, at 4.

[9] R. Doc. No. 89, at 3.

Having considered the objected-to portions of Dr. Henry Eiserloh's deposition testimony, the Court sustains Ford's counsel-testifying objection to page 18, lines 15 to 21, ending at "Lafayette." With respect to the rest of the challenged portion of Dr. Eiserloh's deposition testimony, Ford's counsel-testifying objection is overruled. The Court also overrules Ford's compound-question objection to the entire portion.

## III.

Accordingly,

**IT IS ORDERED** that Ford's objections are sustained in part and overruled in part, as set forth herein.

New Orleans, Louisiana, February 16, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**